IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROY L. HALL, an Individual,            )<br>                                                          )<br>            Plaintiff,                           )<br>                                                          )<br>    v.                                                )<br>                                                          )<br>GLENNS FERRY GRAZING          )<br>ASSOCIATION, an Idaho Corporation, )<br>            Defendant.                        )<br>_____)  | Case No. CV-03-386-S-BLW<br><br>**ORDER** |

The Court has before it a motion to amend complaint filed by plaintiff Hall. Hall seeks to add a derivative claim and a claim for personal damages. He also seeks to add Daryl Keck as a defendant.

The motion is governed by the liberal provisions of Rule 15(a) directing that leave to amend "shall be freely given when justice so requires." The defendant opposes the motion, but does not allege that the amendment meets any of the criteria set forth in *Foman v. Davis*, 371 U.S. 178 (1962), warranting denial of the motion. For example, there is no evidence that the proposed amendment (1) is designed to delay the proceedings, (2) is futile, (3) causes undue prejudice, or (4) is the result of a failure to pursue discovery diligently.

Instead, the defendant argues that the motion should be denied because this

**Order – Page 1**

action is stayed while the Court determines valuation. While it is true that the dissolution proceeding is stayed pending valuation, the defendant cites no authority precluding the plaintiff from pursuing other causes of action. Thus, the Court finds that the stay is no impediment to granting the motion to amend.

The more difficult question, however, is how this case should proceed. If the Court determines valuation first, leaving all other claims until later, the plaintiff may lose standing to pursue his derivative action because he will be judicially compelled to sell his shares once the valuation is complete. To protect plaintiff's rights, it may be necessary to combine the derivative action with the valuation action. Such consolidation may not be necessary if defendant agrees that plaintiff can proceed with his derivative action even after he has sold his shares. However, the jurisdictional aspects of standing cannot normally be waived or stipulated-away, making unclear the legal effect of any such agreement.

The Court is not entirely clear how this case should proceed. Counsel should be prepared to discuss this issue at the Status Conference scheduled on **Friday, December 2, 2005 at 10:00 a.m**. This uncertainty, however, is no reason to deny the motion to amend. Accordingly,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to amend (Docket No. 55) is GRANTED, and the Clerk of the Court is directed to file the

**Order – Page 2**

Amended Complaint submitted by plaintiff.

DATED: **November 30, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**Order – Page 3**