IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ROY L. HALL, an individual | ) | |
| Plaintiff, | ) | Case No. CV-03-386-S-BLW |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| GLENN'S FERRY GRAZING ASSOC., | ) ) | |
| | ) | |
| Defendant. | ) ) | |

## INTRODUCTION

The Court has before it a motion to dismiss or for summary judgment filed by defendants Michael Hanley, Dennis Stanford, and Michael Stanford. Defendant Glenns Ferry Grazing Association (GFGA) joined in the motion. After the Court heard oral argument, the Court was informed that the individual defendants reached a settlement with Plaintiff Hall. Thus, the GFGA's joinder is now the only motion before the Court. For the reasons expressed below, the Court will deny the motion.

**1.   Standing**

GFGA renews its challenge to Hall's standing. At a hearing held on November 4, 2005, the parties argued the standing issue. The Court understood

**Memorandum Decision and Order – Page 1**

Hall's counsel to represent that RHI had assigned any cause of action to Hall. Based on that representation, the Court held that Hall would have standing to pursue RHI's claims.

The Court went on to state that "even beyond that," Hall had an "equitable interest sufficient to create standing." *See Transcript of November 4, 2005 Hearing* at p. 41. However, the Court cautioned Hall's counsel not to rely on that because "it's a lot safer to simply establish that there has been a formal assignment . . . ." *Id.*

GFGA now claims that Hall has failed to file any assignment in this case, and that RHI's causes of action are unassignable in any event. Hall responds that he has standing as an equitable owner of the stock pursuant to the legal standards governing the transaction between himself and RHI.

That transaction was called a "§ 1031 exchange," named after the IRS provision governing its execution. More specifically, Hall and RHI were engaging in a type of § 1031 exchange known as a "reverse like-kind exchange."

This transaction is governed by IRS Revenue Procedure 2000-37. It states that "the exchange accommodation titleholder [RHI, in this case] is holding the property for the benefit of the taxpayer [Hall, in this case] . . . ."

The parties entered into a written agreement that followed Revenue

**Memorandum Decision and Order – Page 2**

Procedure 2000-37.  The agreement stated that the "[a]ccommodator [RHI] will hold the property for the benefit of Exchanger [Hall] in order to facilitate this exchange under Section 1031 and Rev. Proc. 2000-37."  *See Hall Declaration* at Exhibit 1.  This deal closed on July 24, 2001, about two years before this suit was filed.

An equitable interest is a right or expectancy in something as opposed to legal title to that thing.  *See Rush v. Anestos*, 661 P.2d 1229 (Id. 1983).  Even if Hall did not have legal title under the § 1031 exchange, there are at least questions of fact as to whether he had a beneficial or equitable interest under the wording of the agreement and the IRS guidelines.

An equitable owner of stock has standing to sue for corporate misconduct.  *See Federal Deposit Ins. Corp. v. Kerr*, 637 F.Supp. 828, 841 (W.D.N.C. 1986) (finding that "equitable owner of the stock" has standing to challenge "corporate waste and fraudulent liquidation").  Because there are questions of fact whether Hall was an equitable owner of the stock, the Court will deny GFGA's motion for summary judgment on the standing issue.[1]

---

[1] The Court need not reach at this time the issue raised by GFGA whether the causes of action here are unassignable.  If Hall is the equitable owner of the shares, he has standing to sue in his own name, and does not have to rely on an assignment from RHI.

**Memorandum Decision and Order – Page 3**

**2.      Remaining Issues**

At the November 4, 2005, hearing, the Court found issues of fact that precluded summary judgment on the merits.  The Court remains of that view.  Nothing presented in this most recent round of briefing has convinced the Court that a trial is unnecessary.

This case is set for a court trial on August 6, 2006.  The remaining issues must be resolved there.

## ORDER

In accordance with the terms of the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the Motion to Dismiss filed by the individual defendants (Docket No. 111) is DEEMED WITHDRAWN as to the individual defendants due to the settlement.

IT IS FURTHER ORDERED, that the joinder filed by defendant GFGA (Docket No. 115) is DENIED.

DATED:  **March 9, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court