IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ROY L. HALL, an individual | ) | |
| Plaintiff, | ) ) | Case No. CV-03-386-S-BLW |
| v. | ) ) | **MEMORANDUM DECISION AND ORDER** |
| GLENN'S FERRY GRAZING ASSOC., | ) ) ) | |
| Defendant. | ) ) | |

## INTRODUCTION

The Court has before it two motions for reconsideration filed by plaintiff Hall and a motion to strike affidavit filed by defendant GFGA.  The motions are fully briefed and at issue.  For the reasons expressed below, the Court will grant in part and deny in part the motion for reconsideration of the unjust enrichment claim; deny the motion for reconsideration of the prejudgment interest claim; and deem moot the motion to strike.

**1.**     **Motion to Reconsider – Unjust Enrichment**

Hall seeks reconsideration of the Court's decision finding that GFGA was not unjustly enriched by the $44,081.11 he paid in assessments to the GFGA as his share of the litigation costs GFGA incurred in protecting his grazing rights.  Hall

**Memorandum Decision and Order - Page 1**

points out that he paid this assessment in 2005 and 2006, after the date for the valuation of his shares, September 8, 2003 (the day before Hall filed this suit). Thus, he asserts that this assessment payment would not have been reflected in the GFGA share value on the valuation date, as the Court held.

Hall is correct. The assessments were not incurred until years after September 8, 2003, the date his shares were valued. The consequence, Hall argues, is that his payment of the assessments did not benefit him in any way, enriched only the GFGA, and hence must be deemed unjust.

The Court does not agree for two reasons. First, it is not unusual or inappropriate for the Court to consider events occurring after the valuation date as bearing upon the valuation. While the Court unravels the parties' claims, the corporation continues to function. Dividends must be distributed and assessments must be collected – even from the shareholder seeking to liquidate his holding in the corporation. Such dividends and assessments are the benefit and cost of stock ownership, which continues until the stock redemption process has been completed.[1] So long as the officers and directors of the corporation act in good

---

[1] Where a shareholder elects to purchase the shares of the petitioning shareholder to avoid dissolution of the corporation – as occurred here – the petitioning shareholder, upon the entry of an order directing the purchase of his/her shares, "shall no longer have any rights or status as a shareholder of the corporation." Idaho Code § 30-1-1434(6). The negative implication that can be drawn from the statute is that until that order is entered, the petitioning shareholder continues to possess the rights and status of a shareholder – including the right to

**Memorandum Decision and Order - Page 2**

faith, it is not necessary to consider the effect of such incidents of stock ownership in the valuation process.

Second, Hall was obligated as a shareholder to make those payments. He makes no argument that this obligation, akin to any contractual obligation, was unenforceable at the time he paid his assessment, or that his obligations under it somehow ceased when he filed this suit. *See Wolford v. Tankersley*, 695 P.2d 1201 (1984) (holding that unjust enrichment does not lie where there is enforceable contract); *Gibson v. Ada County*, 133 P.3d 1211 (Id.Sup.Ct. 2006) (*unjust* enrichment lies only when it is inequitable for the defendant to retain the benefit without payment of the value thereof).

While the value of Hall's shares was computed as of September 8, 2003, the unjust enrichment issue is not a valuation issue – it is an entirely separate matter. As Hall has not cited any authority that his contractual and shareholder obligations ceased on September 8, 2003, his performance of those obligations after that date cannot be deemed to constitute unjust enrichment.

For these reasons, the Court will grant in part and deny in part Hall's motion seeking reconsideration of the unjust enrichment issue. The Court will strike Conclusion of Law ¶ 199 at page 30 of the Findings of Fact and Conclusions of

---

receive dividends and the obligation to pay assessments.

**Memorandum Decision and Order - Page 3**

Law (Docket No. 191) and substitute the following in its place:

199(a).   The litigation cost assessments were necessary to maintain the grazing rights of GFGA members and to allow those members, including Hall, to be allowed to continue to graze after this lawsuit was filed.  *See Oral Trial Stipulation, Exhibits 2160, 2169, 2156, 2157, 2124).*

199(b).   The litigation cost assessments, assessed to Hall after September 8, 2003, were assessed pursuant to GFGA's Articles and Bylaws, which obligated Hall to pay the assessments.  *See Exhibits 2003, 2007, Testimony of Hall).*

199(c).   The elements of unjust enrichment are as follows: (1) a benefit is conferred upon defendant by plaintiff, (2) appreciation by the defendant of the benefit, and (3) acceptance of the benefit under circumstances that would be inequitable for the defendant to retain the benefit without payment of the value thereof.  *Gibson v. Ada*

**Memorandum Decision and Order - Page 4**

*County*, 133 P.3d 1211 (Id.Sup.Ct. 2006).

199(d).   Hall had an obligation as a shareholder to pay the assessments.

199(e)   There is no unjust enrichment here because Hall paid the assessments pursuant to that obligation and to protect grazing rights, and thus it is not inequitable for GFGA to retain the value of Hall's payments.

199(f).   Moreover, the cut-off date for valuation of September 8, 2003, does not affect Hall's continuing obligation to pay the assessments or render those assessments as unjust enrichment to GFGA. While the Court unravels the parties' claims, the corporation continues to function. Dividends must be distributed and assessments must be collected – even from the shareholder seeking to liquidate his holding in the corporation. Such dividends and assessments are the benefit and cost of stock ownership, which must continue until the stock redemption process has been completed. The corporation must continue to protect its assets during the pendency of

    a dissolution action. When expenses are incurred in the ordinary course of maintaining those assets and without bad faith on the part of the officers and directors, a shareholder seeking dissolution will be required to bear his fair share of those expenses since they are necessary to keep the corporation's assets intact until the dissolution process has been completed.

199(g)  Hall's obligation to pay shareholder assessments is analogous to a contractual obligation. There is no unjust enrichment where payments to are made pursuant to an obligation under an enforceable contract. *See Wolford v. Tankersley*, 695 P.2d 1201 (1984).

## 2. <u>Motion to Reconsider – Prejudgment Interest</u>

Hall seeks prejudgment interest on the ground that the property underlying the GFGA shares has substantially increased in value since September 8, 2003, the date of valuation. He argues that GFGA will enjoy all the benefit of this increase unless he is entitled to prejudgment interest.

The governing statute, Idaho Code § 30-1-1434(5), states that interest "may" be allowed. The Court is therefore not required to award interest but may do so at its discretion.

**Memorandum Decision and Order - Page 6**

The Court disagrees with Hall that the equities favor an award of interest due to the appreciation of the property's value after Hall filed suit. Hall chose the date of filing. He knew that the Idaho statute – locking in a valuation date – would protect him against share depreciation but deprive him of share appreciation. Consequently, if Hall was deprived of share appreciation, that deprivation was contemplated by the statute as a cost of the protection Hall got from share depreciation. It is therefore misleading to characterize that deprivation as something that is inequitable.

This conclusion might be different if some inequitable conduct on the part of GFGA led to Hall being deprived of share appreciation. Hall does not make any such allegation, however. Under these circumstances, the Court will not exercise its discretion to award prejudgment interest.

**3.     Motion to Strike Affidavit**

GFGA seeks to strike the affidavit of H. Scott Calhoun, filed by Hall in support of his motion to reconsider to show that property values have appreciated. The Court's decision assumes, *arguendo*, that property values increased, and yet the Court nevertheless denied the motion to reconsider. GFGA's motion to strike is therefore moot.

**ORDER**

**Memorandum Decision and Order - Page 7**

In accordance with the terms of the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to reconsider (Docket No. 196) is DENIED.

IT IS FURTHER ORDERED, that the motion to reconsider (Docket No. 194) is GRANTED IN PART AND DENIED IN PART.  The motion is granted to the extent it seeks to strike Conclusion of Law ¶ 199 at page 30 of the Findings of Fact and Conclusions of Law (Docket No. 191).  The Court hereby substitutes ¶¶ 199(a) through 199(f) as set forth above in place of the former ¶ 199.  In all other respects the motion is denied.

IT IS FURTHER ORDERED, that the motion to strike (Docket No. 201) is DEEMED MOOT.



DATED:  **January 25, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge