IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROy L. HALL, an Individual, | Case No. CV-03-386-S-BLW |
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| GLENN'S FERRY GRAZING ASSOC., | |
| Defendant. | |

**MEMORANDUM DECISION**

The Court has before it a number of pending motions that have largely been resolved by the bench trial and the Court's Findings and Conclusions entered thereafter. The Court will review each pending motion.

GFGA filed objections to Hall's exhibits (Docket No. 149) and Hall sought to strike those objections (Docket No. 151). The objections and motion to strike were rendered moot by trial decisions.

GFGA filed a motion to exclude evidence of the Nickel Creek litigation. The Court finds it relevant and hence denies the motion.

GFGA filed a motion seeking to exclude evidence of "parceling out." This motion has been rendered moot by the Court's ruling that remedies would be

**Memorandum Decision and Order – Page 1**

resolved in a bifurcated proceeding to follow the liability phase.

GFGA filed a motion to exclude the supplemental expert report of Scott Calhoun. That supplemental report merely accounts of the fact that an Environmental Impact Statement divided the land into three management units, and hence is not the type of "new" opinion that would warrant exclusion. For this reason, the Court will deny the motion.

Hall moved to exclude the testimony of Ken Brush regarding GFGA stock valuation. The Court will deny that motion, but as the Court indicated at trial, Brush's lack of expertise on share valuation results in his testimony on that issue being accorded much less weight by the Court. Ultimately, as the Findings and Conclusions show, the Court adopted the testimony of Calhoun over that of Brush.

Hall moved to exclude Chad Gibson from offering expert testimony. Because Gibson did not attempt to give such testimony at trial, the motion is moot.

Finally, GFGA filed a motion for judgment on partial findings. The Court's Findings and Conclusions rendered this motion moot.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to strike (Docket No. 151) is MOOT.

**Memorandum Decision and Order – Page 2**

IT IS FURTHER ORDERED, that the motion to exclude evidence of the Nickel Creek Litigation (Docket No. 157) is DENIED.

IT IS FURTHER ORDERED, that the motion to exclude evidence of "parceling out" (Docket No. 159) is MOOT.

IT IS FURTHER ORDERED, that the motion to exclude the supplemental report of Calhoun (Docket No. 160) is DENIED.

IT IS FURTHER ORDERED, that the motion in limine re Brush (Docket No. 162) is DENIED.

IT IS FURTHER ORDERED, that the motion in limine to preclude Chad Gibson from offering expert testimony (Docket No. 171) is MOOT.

IT IS FURTHER ORDERED, that the motion for judgment on partial pleadings (Docket No. 180) is MOOT.

DATED: **February 21, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge